**CONTEMPORARY CEILINGS, INC.,**
Plaintiff-Appellee,

v.

**NEO–RAY PRODUCTS, INC., et al.,**
Defendants-Appellants.

No. 899, Docket 71–1126.

United States Court of Appeals,
Second Circuit.

Argued June 29, 1971.

Decided July 2, 1971.

Gordon Marshall, New York City, for defendants-appellants.

Allan Zelnick, New York City (Burns, Lobato & Zelnick, New York City, of counsel), for plaintiff-appellee.

Before MOORE, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

The defendants Neo-Ray Products, Inc., et al., appeal from an order granting a motion to strike without leave to amend the first counterclaim pleaded herein. The complaint in substance as a first claim alleges infringement by defendants Neo-Ray Products, Inc., Neo-Ray Lighting Systems, Inc., of plaintiff's patent on fluorescent lighting louvres and as a second claim unfair competition by defendant "Neo-Ray" because of alleged false representations as to the louvres. Defendants Neo-Ray Products, Inc., Neo-Ray Lighting Systems, Inc. and Zylo Louvre Corporation as a first counterclaim against plaintiff assert that plaintiff's assignor is not the inventor of the subject matter of the patent and that said assignor misappropriated the louvre design of which fact plaintiff had knowledge. The counterclaim also alleged business harassment by plaintiff and the incurring of attorney's fees as a result of plaintiff's conduct.

To clarify the first counterclaim, the parties in open court agreed:

"(a) that the first counterclaim be labeled as a counterclaim to vacate and set aside plaintiff's patent No. 214,683, it being clearly understood that the first counterclaim is not and shall not be a counterclaim for malicious prosecution, and

"(b) that the first counterclaim shall be restored and shall consist of paragraphs 'Twenty-sixth' through 'Forty-first' inclusive which allegations are hereby restored, and

"(c) nothing contained in this stipulation shall be deemed to preclude the defendants from attempting to prove any facts which it deems relevant to a

claim for attorneys fees under Title 35, U.S.C. sec. 285, and

"(d) that the 'wherefore clause' of the answer shall include a prayer relating specifically to the first counterclaim "to vacate and set aside the plaintiff's patent No. 214,683' and a separate, distinct prayer for 'an award of attorneys' fees to the defendants in the discretion of the trial court pursuant to Title 35 U.S.C. sec. 285.'"

Accordingly, the order of the district court is modified to the extent that the pleadings shall be deemed to be amended as set forth in paragraphs (a), (b), (c) and (d) hereof.

Costs to abide the event.